# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

ALLEN D. HEFLIN and wife,                    )
JEAN LaRUE HEFLIN, as natural                )
parents and next-of-kin of                   )
HUGH ALLEN HEFLIN, Deceased,                 )
                                             )
    Plaintiffs/Appellants,                 )
                                             )   Stewart Circuit
                                             )   No. 1730
VS.                                          )
                                             )   Appeal No.
                                             )   01-A-01-9504-CV-00131
STEWART COUNTY, TENNESSEE,                   )
a political subdivision of the State of      )
Tennessee, DAVID HICKS, in his official      )
capacity as Sheriff of Stewart County,       )
Tennessee, JOHN S. WATKINS,                  )
JOE HENRY CRUTCHER and WANDA                 )
LUFFMAN, in their official capacities as     )
Deputy Sheriffs for the Stewart County       )
Sheriff's Department, LEON HOLLIS,           )
DALTON BAGWELL and GREG                      )
BARROW, in their official capacities as      )
employees of the Stewart County             )
Ambulance Service,                           )
                                             )
    Defendants/Appellees.                  )

FILED

Oct. 20, 1995

Cecil Crowson,
Jr.
Appellate Court Clerk

## CONCURRING OPINION

I concur with the result of the majority's opinion but add this separate opinion to state my understanding of the source and nature of the duty of prison officials to persons who are placed involuntarily in their custody.

Prison officials are not insurers of their prisoners' safety. *Cockrum v. State*, 843 S.W.2d 433, 438 (Tenn. Ct. App. 1992). They do, however, have a duty to use ordinary and reasonable care to protect the life and health of the persons in their custody. *Cockrum v. State*, 843 S.W.2d at 436. This duty arises not simply

from "regulations designed to reduce the danger of harm" but rather from court decisions imposing this duty upon prison officials as a matter of law.

The duty to use ordinary and reasonable care may be expanded to include protecting an inmate from self-inflicted injury or death when the prison officials know or should know that the inmate might harm himself or herself. Circumstances could, therefore, arise where an inmate's condition might require the prison officials to "prevent" the inmate from harming himself or herself.

The trial court found in this case that the jail personnel knew or should have known that Mr. Heflin might harm himself. Thus, it correctly concluded that the jail personnel had a duty to take reasonable steps to protect Mr. Heflin from himself. The facts of this case support the trial court's finding that the prison officials breached this duty but that their breach of duty, as a comparative matter, contributed less to Mr. Heflin's death than his own conduct.

_____
WILLIAM C. KOCH, JR., JUDGE